No.: 24-5805

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JUSTIN SMITH,
*Plaintiff-Appellee,*

*v.*

CITY OF LA VERNE AND ADDIEL JULIAN,
*Defendants-Appellants.*

On Appeal from the United States District Court, Central District
The Honorable Kenly Kiya Kato, Case No.: 2:23-cv-644-KK-E

## APPELLANTS' OPENING BRIEF

Mark D. Rutter [SBN 58194]
Kimberly Sarmiento [SBN 345641]
Carpenter, Rothans & Dumont LLP
500 S. Grand Avenue, 19th Floor
Los Angeles, California 90071
Tel: (213) 228-0400
mrutter@crdlaw.com
ksarmiento@crdlaw.com

Daniel P. Barer [SBN 150812]
Karen M. Stepanyan [SBN 337353]
Pollak, Vida & Barer
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064
Tel: (310) 551-3400
daniel@pollakvida.com
karen@pollakvida.com

Attorneys for Defendants-Appellants
**CITY OF LA VERNE** and **ADDIEL JULIAN**

Table of Contents

1.0. Introduction..................................................................5

1.1. Summary of Action..........................................5

1.2. Statement of Jurisdiction................................5

1.3. Statement of Issue...........................................5

2.0. Statement of Case...........................................................6

2.1. Summary of Facts............................................6

2.2. Procedural History ..........................................6

2.2.1. Filing of the Complaint and Trial...........................6

2.2.2. Smith's Motion for Attorney's Fees and the District Court's Ruling..................................................................7

2.2.3. The Parties Filed Their Respective Memoranda of Costs.....8

2.2.4. Filing of Appeal ..........................................8

3.0. Summary of Argument ..................................................8

4.0. Standard of Review ........................................................9

5.0. Legal Discussion ............................................................9

5.1. Offer of Judgment Under FRCP 68, and Its Cost-Shifting Provision ..........................................................9

5.2. Rule 68 Bars Post-Offer Award of Statutory Attorney Fees That Are Awarded as Costs .................................................11

5.3. Under California Law Attorneys' Fees as Costs When Authorized by Statute .......................................................12

5.4. This Court Has Issued Split Unpublished Decisions on Whether California Statutory Fees Are Costs—But only Where the Statute Discusses Both Fees and Costs ...........................................13

6.0. Conclusion ...................................................................16

7.0. Statement of No Related Cases ....................................18

Table of Authorities

Page(s)

Cases

*Champion Produce, Inc. v. Ruby Robinson Co., Inc.*
  342 F.3d 1016 (9th Cir. 2003) ................................................................. 10, 11
*Chaudhry v. City of Los Angeles*
  751 F.3d 1096 (9th Cir. 2014) ....................................................................... 13
*Cheffins v. Stewart*
  825 F.3d 588 (9th Cir. 2016) ......................................................................... 12
*Early v. Keystone Restaurant Group, LLC*
  814 Fed. App'x. 253 (9th Cir. 2020) ................................................. 14, 15, 16
*Gibson v. Office of Atty. Gen., State of California*
  561 F.3d 920 (9th Cir. 2009) ........................................................................... 9
*Hasan v. Contra Costa Cty.*
  45 F. App'x 795 (9th Cir. 2002) ............................................................... 14, 15
*Haworth v. State of Nev.*
  56 F.3d 1048 (9th Cir. 1995) ........................................................................... 9
*Herrington v. Cnty. of Sonoma*
  12 F.3d 901 (9th Cir. 1993) ........................................................................ 9, 11
*Wilson v. Nomura Secur. Int'l, Inc.*
  361 F.3d 86 (2nd Cir. 2004) .......................................................................... 11
*Klein v. City of Laguna Beach*
  810 F.3d 693 (9th Cir. 2016) ......................................................................... 12
*Mallory v. Eyrich*
  922 F.2d 1273 (6th Cir. 1991) ......................................................................... 9
*Marek v. Chesny*
  473 U.S. 1 (1985).................................................................................. 9, 10, 11
*MRO Communications, Inc. v. AT & T Corp.*
  197 F.3d 1276 (9th Cir. 1999) ....................................................................... 11
*Notter v. City of Pleasant Hill*
  2017 WL 5972698 (N.D. Cal. 2017) .............................................................. 12
*Payne v. Milwaukee County*
  288 F.3d 1021 (7th Cir. 2002) ....................................................................... 11
*Reese v. County of Sacramento*
  888 F.3d 1030 (9th Cir. 2018) ....................................................................... 12
*Rios v. City of Los Angeles*
  2023 WL 3432164 (C.D. Cal. 2023)............................................................... 12
*U.S. v. Trident Seafoods Corp.*
  92 F.3d 855 (9th Cir.  1996) ............................................................................ 7

Statutes

28 U.S.C. §§ 1291 and 2107(a) ............................................................. 5

28 U.S.C. §§ 1331, 1367 ....................................................................... 5

42 U.S.C. § 1983 ........................................................................ 5, 6, 11

42 U.S.C. § 1988(b) ............................................................................ 11

Cal. Civ. Code § 52.1 ....................................................................... 6, 13

Cal. Civ. Code § 52.1(c) .................................................................. 12, 15

Cal. Civ. Code § 52.1(i) .................................................................... 7, 13

Cal. Code Civil Proc. § 1021.5 .............................................................. 7

Cal. Code Civil Proc. § 1032 ...............................................................13

Cal. Code Civil Proc. § 1032(b) ...........................................................13

Cal. Code Civil Proc. § 1033.5 ............................................................16

Cal. Code Civ. Proc. § 1033.5(a) .........................................................13

Cal. Code Civ. Proc. § 1033.5(a)(10)(B) ........................................ 13, 16

Cal. Code Civil Proc. § 1033.5(c)(5) ....................................................14

Cal. Code Civil Proc. § 1033.5(c)(5)(A) ...............................................15

Cal. Code Civil Proc. § 1033.5(10)(C) ............................................... 13

Cal. Code Civil Proc. § 1033.5(a)(10)(A) ............................................ 13

Cal. Civ. Code § 3342 ........................................................................... 6

Rules

Fed. R. App. P. 32.1(a)(ii) .................................................................. 14

Fed. R. Civ. P. 54 ................................................................................. 8

Fed. R. Civ. P. 68 .......................................................................passim

Fed. R. Civ. P. 68(a) .............................................................................9

Fed. R. Civ. P. 68(d) ............................................................................ 9

## 1.0.  Introduction

### 1.1.  Summary of Action

Justin Smith sued the City of La Verne, the La Verne Police Department, and Officer Addiel Julian under federal and California law for alleged violations of his civil rights.  Before trial, the City of La Verne made an offer of judgment under Federal Rule of Civil Procedure 68, which Smith rejected.  In a jury trial, Smith prevailed on certain state law claims, including a claim under the California Bane Act, which provides for attorney's fees to the prevailing plaintiff.  His ultimate recovery was less than the Rule 68 offer.

Smith moved for attorney's fees under the Bane Act.  The district court granted the motion after reducing the requested amount.  The award included fees incurred after the Rule 68 offer.

The City of La Verne and Officer Addiel Julian appeal the district court's award of post-offer attorney's fees.

### 1.2.  Statement of Jurisdiction

The district court had jurisdiction over this matter under 28 U.S.C. §§ 1331, 1367, and 42 U.S.C. § 1983.

This Court has jurisdiction to review the order awarding attorney's fees under 28 U.S.C. §§ 1291 and 2107(a).

### 1.3.  Statement of Issue

Rule 68 bars post-offer fee awards where the plaintiff fails to do better than the offer.  Rule 68 applies to statutory fee awards where the fees are awarded as costs.  The California Bane Act permits a prevailing plaintiff to recover attorney's fees.  The district court concluded that Rule 68 does not apply to Bane Act fees because the Bane Act does not state that fees are costs.  Under California's statutory framework, attorney's fees authorized by statute are classified as costs.  *Did the district court err in determining that*

*attorney's fees awarded under the Bane Act are not costs for purposes of Rule 68's cost-shifting provision?*

## 2.0. Statement of Case

### 2.1. Summary of Facts

On December 14, 2021, La Verne Police Department Officer Addiel Julian responded to a report of a stolen truck. ER-133, ER-144. While responding to the call, Officer Julian's police canine, "Dino," bit Smith. ER-133, ER-145. Smith, alleging injuries, sued the City of La Verne, the La Verne Police Department, and Officer Julian ("the City Defendants"). *See* ER-133, ER-142.

### 2.2. Procedural History

#### 2.2.1. Filing of the Complaint and Trial

On January 27, 2023, Smith filed a complaint against the City Defendants, asserting the following claims: (1) Excessive Force (42 U.S.C. § 1983); (2) Violation of California Bane Act (Cal. Civ. Code § 52.1); (3) Assault & Battery; (4) Negligence; and (5) Strict Liability (Cal. Civ. Code § 3342). ER-142–54. On March 16, 2023, the City Defendants filed their answer. ER-135–41.

Before the trial, on November 6, 2023, the City Defendants served Smith with an Offer of Judgment under Federal Rule of Civil Procedure 68 for $150,000, plus attorney's fees and costs to be determined by the district court. ER-58–60. Smith rejected the offer on November 8, 2023. ER-61–63.

On May 13, 2024, the case proceeded to a jury trial on all five claims. Dist. Ct. Docket. On May 15, 2024, the jury returned a verdict in favor of Smith on his California Bane Act and battery claims only, awarding him $70,000 in damages. ER-183. The district court entered judgment on May 21, 2024. *Id.*

6

### 2.2.2. Smith's Motion for Attorney's Fees and the District Court's Ruling

On June 13, 2024, Smith moved for attorney's fees, seeking $841,842.50. ER-64–92. The City Defendants opposed the motion. ER-32–54. Among their arguments was that Smith's rejection of their Rule 68 offer of judgment—$150,000 plus attorney's fees and costs—barred him from recovering any attorney's fees incurred after the offer. ER-37–40. They contended that Rule 68's cost-shifting provisions precluded Smith from recovering post-offer attorney's fees. ER-38–39.

In reply, Smith argued that the California Bane Act, unlike certain federal statutes, references only "attorney's fees" and does not mention costs, suggesting attorney's fees cannot not be considered costs. ER-23–24. He also claimed entitlement to attorney's fees under Cal. Code Civil Proc. § 1021.5, which allows a court to award fees to a successful party enforcing an important public interest right, provided certain requirements are met. ER-24.

On September 4, 2024, the district court partially granted Smith's motion, awarding him $343,135 under the Bane Act claim only, after reducing the attorney's requested hourly rates. ER-8–16. The court denied Smith's request for treble damages under the Bane Act. ER-15–16. The district court also ruled that Rule 68 did not bar Smith's recovery of post-offer attorney's fees because "attorneys' fees are not recoverable as 'costs' under the Bane Act." ER-10. The court cited Cal. Civ. Code § 52.1(i), the Bane Act fee provision, which does not mention costs, and *U.S. v. Trident Seafoods Corp.*, 92 F.3d 855, 860 (9th Cir. 1996) in support. *Id.*

### 2.2.3. The Parties Filed Their Respective Memorandum's of Costs

Both sides filed applications to tax costs pursuant to Federal Rule of Civil Procedure 54.  ER-110–125, ER-126–131.  Smith sought a total of $11,357.56 in costs, with the majority—$9,189.46—attributed to deposition expenses incurred after the City Defendants served their Rule 68 offer of judgment.  ER-110–125.  The district court allowed Smith $1,047.90, finding that the remaining costs were either incurred post-Rule 68 offer, not allowable, or unsupported by sufficient documentation.  ER-5–6.

### 2.2.4. Filing of Appeal

On September 23, 2024, the City Defendants appealed the district court order granting Smith's motion for attorney's fees.  ER-155–169.

## 3.0. Summary of Argument

Under Federal Rule of Civil Procedure 68, a plaintiff who rejects a settlement offer and obtains a less favorable judgment at trial is barred from recovering post-offer costs, including attorney's fees, if they are considered part of the costs.  The California Bane Act permits prevailing plaintiffs to recover attorney's fees.  Attorney's fees allowed by the statute are classified as costs under California law.  Therefore, Rule 68's cost-shifting provisions should apply to the fees awarded under the Bane Act.

In this case, Rule 68 bars Smith from recovering his post-offer attorney's fees because the Bane Act's award of attorney's fees constitutes costs under California law.  However, the district court ruled otherwise, finding that the Bane Act's attorney's fees are not costs because the statute does not explicitly define them as such.  This interpretation of California law is flawed, inconsistent with the statutory framework, and undermines Rule 68's purpose of encouraging settlement and avoiding unnecessary litigation.

8

The district court should have denied recovery of attorney's fees incurred after the Rule 68 offer, which exceeded the judgment Smith ultimately obtained at trial. The City Defendants respectfully request a reversal of the district court's ruling.

## 4.0. Standard of Review

While Court of Appeals review district court's award of attorney fees for abuse of discretion, the review of legal standards used by district court in awarding fees is *de novo*. *Gibson v. Office of Atty. Gen., State of* California, 561 F.3d 920, 925 (9th Cir. 2009); *Haworth v. State of Nev.*, 56 F.3d 1048, 1051 (9th Cir. 1995) ("Any elements of legal analysis and statutory interpretation which figure in the district court's award is reviewed *de novo*.") (cleaned up).

## 5.0. Legal Discussion

### 5.1. Offer of Judgment Under FRCP 68, and Its Cost-Shifting Provision

Federal Rule of Civil Procedure 68(a) provides that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." A Rule 68 offer of judgment must (1) specify a definite sum for which judgment may be entered, (2) be unconditional, and (3) include costs then accrued. *Herrington v. Cnty. of Sonoma*, 12 F.3d 901, 907 (9th Cir. 1993). To be effective, an offer must include an agreement to cover costs incurred up to the offer date. *Id*.

If a plaintiff rejects a Rule 68 offer and later obtains a judgment less favorable than the offer, the plaintiff is responsible for the defendant's post-offer costs. See Fed. R. Civ. P. 68(d); *Mallory v. Eyrich*, 922 F.2d 1273, 1278 (6th Cir. 1991). Obtaining a judgment less favorable than the offer triggers Rule 68's cost-shifting provision. *Marek v. Chesny*, 473 U.S. 1, 4 (1985);

9

*Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1026 (9th Cir. 2003). Additionally, the plaintiff is barred from recovering his or her own post-offer costs. *Marek*, 473 U.S. at 10–11.

The "plain purpose" of Rule 68 governing offer of judgment and its cost-shifting provision is to encourage settlement and avoid litigation. *Marek*, 473 U.S. at 5. Rule 68's encouragement of settlements is "neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits." *Id*. at 10. "Application of Rule 68 will require plaintiffs to 'think very hard' about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates." *Id*. In a case where a rejected settlement offer exceeds the ultimate recovery, the responsibility for bearing post offer costs are shifted to the plaintiff. *Id*. That is why "the 'critical feature' of Rule 68's fee-shifting provision is 'that the offer be one that allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and *the costs then accrued*.' " *Id*., at 1037–38 (citing *Marek*, 473 U.S. at 6 (emphasis in original) (superseded by statute on other grounds).

On November 6, 2023, the City Defendants served Smith with a Rule 68 offer of judgment. ER-58–59. The offer proposed entry of judgment in favor of Smith and against the City of La Verne for $150,000, plus all costs and attorney's fees incurred to date, as may be determined by the district court. *Id*. It also stated that Smith's acceptance would release defendants Officer Addiel Julian and the La Verne Police Department. *Id*. The offer required Smith to serve written notice of acceptance within 14 days. *Id*. Smith subsequently rejected the offer. ER-61.

The City Defendants' Rule 68 offer of judgment complied with the rule's requirements and was valid and enforceable. Indeed, the district court found it enforceable; it denied Smith his post-award costs. ER-5–6.

10

### 5.2. Rule 68 Bars Post-Offer Award of Statutory Attorney Fees That Are Awarded as Costs

Rule 68 itself does not define "costs." *Champion Produce*, 342 F.3d at 1026–27; *Marek*, 473 U.S. at 8–9. In *Marek*, the U.S. Supreme Court explained that "the most reasonable inference is that the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under *the relevant substantive statute or other authority*. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.' Thus, absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, [ ] such fees are to be included as costs for purposes of Rule 68." *Id*. at 9 (emphasis added).

Consequently, when the underlying statute defines "costs" to include attorneys' fees, Rule 68's cost-shifting provision applies, barring recovery of such fees. *Marek*, 473 US at 8-9. For example, in a civil rights suit under 42 U.S.C. § 1983, the court may award attorney fees to the prevailing party "as part of the costs." *See* 42 U.S.C. § 1988(b). This makes attorney fees awarded under § 1988 subject to the Rule 68 cost-shifting provision. Plaintiffs in such actions cannot recover attorney fees for services after rejecting a Rule 68 offer that is more favorable than the ultimate verdict at trial. *Marek*, 473 US at 9; *Herrington*, 12 F.3d at 907; *Payne v. Milwaukee County*, 288 F.3d 1021, 1027 (7th Cir. 2002); *see Wilson v. Nomura Secur. Int'l, Inc.*, 361 F.3d 86, 90 (2nd Cir. 2004) (finding $15,000 offer that included "all costs available under all local, state or federal statutes accrued to date" barred plaintiff from recovering his pre-offer attorney fees in Title VII action because Title VII expressly includes attorney fees in its definition of "costs").

When a district court has federal question jurisdiction and exercises subject matter jurisdiction over a state law claim, the district court may award attorney fees under the applicable state statute. *See MRO*

11

*Communications, Inc. v. AT & T Corp.*, 197 F.3d 1276, 1283 (9th Cir. 1999). Indeed, "'[i]n an action where a district court is exercising its subject matter jurisdiction over a state law claim' the 'state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" *Cheffins v. Stewart*, 825 F.3d 588, 597 (9th Cir. 2016).

For example, in determining the *reasonableness* of attorney's fees awarded under a California statute, district courts apply California law. *Klein v. City of Laguna Beach*, 810 F.3d 693, 701 (9th Cir. 2016) (emphasizing the reasonableness of an award of attorneys' fees pursuant to the Bane Act is governed by California law); *Rios v. City of Los Angeles*, 2023 WL 3432164, at * 1–2 (C.D. Cal. 2023) (holding that under California law the reasonableness of the fee award is based on the lodestar amount and multiplier, if applicable); *Notter v. City of Pleasant Hill*, 2017 WL 5972698, at *7 (N.D. Cal. 2017) (applying California law in determining the reasonableness of attorney's fees awarded under the Bane Act).

As explained below, under California law, attorney's fees awarded to the prevailing party under a statute are considered costs. If federal courts defer to California law to determine the reasonableness of attorney's fees under the Bane Act, *see Klein*, 810 F.3d at 701, it follows that they should also defer to California law to determine whether attorney's fees constitute costs. Accordingly, the award of statutory attorney's fees is subject to Rule 68's cost-shifting provisions.

### 5.3. Under California Law Attorneys' Fees as Costs When Authorized by Statute

The California Bane Act provides a cause of action for violations of a plaintiff's state or federal civil rights committed by threats, intimidation, or coercion. Cal. Civ. Code § 52.1(c); *Reese v. County of Sacramento*, 888 F.3d

12

1030, 1040 (9th Cir. 2018). It allows the courts to award the prevailing plaintiff reasonable attorney's fees. Cal. Civ. Code § 52.1(i) ("In addition to any damages, injunction, or other equitable relief awarded in an action brought pursuant to subdivision (c), the court may award the petitioner or plaintiff reasonable attorney's fees"); *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1112 (9th Cir. 2014). The statute makes no mention of awarding costs. See Cal. Civ. Code § 52.1.

Under Cal. Code Civil Proc. § 1032(b), "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Cal. Code Civ. Proc. § 1033.5(a) lists the items "allowable as costs under Section 1032 [.] Among those items are Attorney's fees, when authorized by . . . [¶] Statute." Cal. Code Civ. Proc. § 1033.5(a)(10)(B). The statute also includes as costs attorney fees authorized by "Contract," § 1033.5(a)(10)(A), and "Law," § 1033.5(10)(C).

Fees awarded under the Bane Act are fees authorized by statute. They therefore fall squarely under California statutory definition of recoverable *costs*.

California's statutory scheme reflects a clear intent to incorporate attorney's fees authorized by statute into recoverable costs. Federal courts applying California law should uphold this intent by classifying fees under the Bane Act as costs.

### 5.4. This Court Has Issued Split Unpublished Decisions on Whether California Statutory Fees Are Costs—But only Where the Statute Discusses Both Fees and Costs

This Court has twice considered (in unpublished decisions) whether statutes that reference *both attorney's fees and costs* awarded to the prevailing party fall under Rule 68's cost-shifting provision, offering some

interpretive guidance. The Court, however, remains divided on whether California statutes addressing *both fees and costs* are subject to Rule 68.

In *Hasan v. Contra Costa Cty.*, 45 F. App'x 795, 796 (9th Cir. 2002),[1] the defendant-offeror argued that Rule 68's bar on recovering "costs" after an offer of judgment also extends to post-offer attorney's fees under the California Fair Employment and Housing Act ("FEHA"). *Id*. The Court disagreed. *Id*. In an unpublished opinion, the Court reasoned that when a California statute provides for both the award of attorney's fees and costs, it separates the two, and concluded that attorney's fees are not part of costs. *Id*. The Court further emphasized that section 1033.5(c)(5) of California Code of Civil Procedure should not undermine FEHA's public policies, particularly its attorney fee provision ensuring compensation for attorneys representing FEHA litigants, merely because the case is litigated in federal court. *Id*. Accordingly, the Court concluded that Rule 68 does not apply, as FEHA treats attorney's fees and costs as distinct.

In *Early v. Keystone Restaurant Group, LLC*, 814 Fed. App'x. 253, 259 (9th Cir. 2020), the plaintiff brought three retaliation-based claims against her employers Keystone Restaurant Group, LLC ("Keystone") and Sonic Industries, LLC: Title VII retaliation, FEHA retaliation, and wrongful termination in violation of public policy premised on retaliation. *Id*. at 256. During trial, the district court dismissed the third claim as duplicative of the FEHA claim, a decision the plaintiff appealed. *Id*. at 255–56. Meanwhile, the plaintiff was awarded attorney's fees and costs after prevailing on her FEHA claim against Keystone, a decision Keystone cross-appealed. *Id*. at 258. The Ninth Circuit reversed the judgment, stating that the district court's dismissal of the third claim was an error. *Id*. at 257. The majority,

---

[1] Although this unpublished disposition predates the 2007 cutoff date of Fed. R. App. P. 32.1(a)(ii), it is cited for historical purposes.

however, did not address Keystone's cross-appeal in light of the reversal of the judgment.  *Id.*

Judge Bress dissented, asserting that the district court correctly dismissed the plaintiff's third claim as duplicative of her FEHA claim.  *Early*, 814 Fed. App'x. at 257–58.  Based on his view of the correctness of the district court's decision, Judge Bress also addressed Keystone's cross-appeal concerning the award of attorney's fees and costs to the plaintiff.  He noted that the plaintiff rejected Keystone's Rule 68 offer of judgment ($75,000 exclusive of attorney's fees) and obtained a less favorable $50,000 judgment at trial.  *Id.* at 259.  Judge Bress explained that the district court erred in awarding post-Rule 68 offer attorney's fees because California law treats attorney's fees as part of costs, making them subject to Rule 68's cost-shifting provision.  *Id.*  He cited California Code of Civil Procedure section 1033.5(c)(5)(A), which states that when a statute refers to the award of "costs and attorney's fees," attorney's fees are a component of costs and thus subject to Rule 68.  *Id.*

Judge Bress criticized the district court's reliance on *Hasan*, 45 F. App'x 796, explaining that *Hasan*'s statement that FEHA attorney's fees are not subject to Rule 68 is dicta and reflects a misinterpretation of California law.  *Early*, 814 Fed. App'x. at 259.  He concluded that attorney's fees under FEHA are a component of costs and should fall under Rule 68's cost-shifting provision.

Judge Bress's interpretation of California law, which treats attorney's fees as costs, is sound and should guide this Court's decision.

Notably, unlike the FEHA, the California Bane Act provides only for attorney's fees, with no mention of costs.  *See* Cal. Civ. Code § 52.1(c).  The City Defendants are unaware of any Ninth Circuit case law explicitly holding that attorney's fees—when mentioned alone in a statute—are part of costs

under Rule 68. However, California's procedural framework, which generally treats attorney's fees as a component of costs, supports the conclusion that they should be subject to Rule 68's cost-shifting provisions.

By referring only to "attorney's fees," the Bane Act avoids creating an unnecessary distinction between fees and costs, reinforcing their classification as an element of costs under California Code of Civil Procedure section 1033.5, which lists attorney's fees as an item of costs. *See* Cal. Civ. Proc. Code § 1033.5(a)(10)(B). Conversely, when a statute mentions both "attorney's fees" and "costs," it could imply that the two are separate and distinct categories. To address this, California Code of Civil Procedure section 1033.5 clarifies—as Judge Bress highlighted in the *Early* decision— that "if a statute of this state refers to the award of 'costs and attorney's fees,' attorney's fees are an item and component of the costs to be awarded and are allowable as costs pursuant to subparagraph (B) of paragraph (10) of subdivision (a)."

Under California law, if a statute treats attorney's fees as costs when mentioned alongside costs, then attorney's fees referenced in a statute without explicitly mentioning costs should likewise be considered an item of costs. As such, being classified as costs under state law, attorney's fees constitute costs for the purposes of Rule 68's cost-shifting provision.

## 6.0. Conclusion

Under California law, a statutory award of attorney's fees is considered an item of costs. Accordingly, the statutory fee award is subject to the cost-shifting provisions of Rule 68. The district court erred in ruling otherwise. This error undermines Rule 68's purpose of encouraging settlement and avoiding unnecessary litigation, as well as California's statutory scheme classifying attorney's fees as costs. The City Defendants respectfully request

that this Court reverse the district court's ruling and order denial of attorney's fees incurred after the Rule 68 offer.

Date: January 14, 2025

POLLAK, VIDA & BARER
DANIEL P. BARER
KAREN M. STEPANYAN

By:

_____
KAREN M. STEPANYAN
Attorneys for Defendants-Appellants
CITY OF LA VERNE and ADDIEL
JULIAN

**7.0. Statement of No Related Cases**

Defendants and appellants the City of La Verne and Officer Addiel Julian are unaware of any related cases pending before this Court.

Date: January 14, 2025

POLLAK, VIDA & BARER
DANIEL P. BARER
KAREN M. STEPANYAN

By: _____

KAREN M. STEPANYAN
Attorneys for Defendants-Appellants
CITY OF LA VERNE and ADDIEL
JULIAN

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 24-5805

I am the attorney or self-represented party.

**This brief contains** 3,520 **words,** including [ ] words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

( • ) complies with the word limit of Cir. R. 32-1.

( ) is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

( ) is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

( ) is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

( ) complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  [ ] it is a joint brief submitted by separately represented parties.
  [ ] a party or parties are filing a single brief in response to multiple briefs.
  [ ] a party or parties are filing a single brief in response to a longer joint brief.

( ) complies with the length limit designated by court order dated [            ].

( ) is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/ Karen M. Stepanyan **Date** 1/14/25

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                                 *Rev. 12/01/22*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 15. Certificate of Service for Electronic Filing

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** | 24-5805

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are <u>NOT</u> Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

> Mark Rutter, Esq.
> Carpenter, Rothans & Dumont, LLP
> 500 South Grand Avenue, 19th Floor
> Los Angeles, California 90071
> E-mail: mrutter@crdlaw.com

**Description of Document(s)** *(required for all documents)*:

> 1. Appellants' Opening Brief.
> 2. Appellants' Excerpts of Record (Index Volume, Volume 1 of 1, Page 1 of 187)

**Signature** | /s/ Karen M. Stepanyan | **Date** | Jan 14, 2025

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 15** | *Rev. 12/01/2018*