No.: 24-5805

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

JUSTIN SMITH,
*Plaintiff-Appellee,*

*v.*

CITY OF LA VERNE AND ADDIEL JULIAN,
*Defendants-Appellants.*

On Appeal from the United States District Court, Central District
The Honorable Kenly Kiya Kato, Case No.: 2:23-cv-644-KK-E

**APPELLANTS' REPLY BRIEF**

Mark D. Rutter [SBN 58194]
Kimberly Sarmiento [SBN 345641]
Carpenter, Rothans & Dumont LLP
500 S. Grand Avenue, 19th Floor
Los Angeles, California 90071
Tel: (213) 228-0400
mrutter@crdlaw.com
ksarmiento@crdlaw.com

*Daniel P. Barer [SBN 150812]
Karen M. Stepanyan [SBN 337353]
Pollak, Vida & Barer
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064
Tel: (310) 551-3400
daniel@pollakvida.com
karen@pollakvida.com

Attorneys for Defendants-Appellants
**CITY OF LA VERNE** and **ADDIEL JULIAN**

Table of Contents

1.0. Introduction ................................................................6

2.0. Discussion ................................................................8

2.1. Classification of Attorney's Fees as "Costs" Is Not Explicitly Stated Within the Text of the Bane Act Itself But Is Instead Derived from Broader California Statutory Framework ................................8

2.2. Under California Statutory Scheme Attorney's Fees Authorized by a Statute Are Considered Costs ........14

2.3. Excluding Attorney's Fees from Costs Undermines Rule 68's Cost-Shifting Purpose ................................20

2.4. Smith's Argument Regarding the District Court's Decision Not to Award Treble Damages Should Be Rejected ....................................................................22

2.4.1. Smith Failed to Cross-Appeal ..............................23

2.4.2. The District Court Did Not Have Authority to Decide Whether to Award Treble Damages—The Jury Did .............................................................25

3.0. Conclusion ...........................................................27

Table of Authorities

Cases

*Alyeska Pipeline Serv. Co. v Wilderness Soc'y*,
   421 U.S. 240 (1975) ............................................................ 15

*Brandt v. Superior Court*,
   37 Cal. 3d 813 (1985) ........................................................ 15

*C.O. v. County of Kern*,
   2022 WL 286544 (E.D. Cal. 2022) ...................................... 26

*Champion Produce, Inc. v. Ruby Robinson Co.*,
   342 F.3d 1016 (9th Cir. 2003) ............................................ 10

*Compare Mendocino Environmental Ctr. v. Mendocino
   County*,
   192 F.3d 1283 (9th Cir. 1999) ............................................ 24

*DeVita v. County of Napa*,
   9 Cal. 4th 763 (1995) ........................................................ 18

*Doherty v. Wireless Broadcasting Systems of Sacramento,
   Inc.*,
   151 F.3d 1129 (9th Cir. 1998) ............................................ 23

*El Paso Natural Gas Co. v. Neztsosie*,
   526 U.S. 473 (1999) .................................................... 23, 24

*Ellis v. Salt River Project Agricultural Improvement & Power
   Dist.*,
   24 F.4th 1262 (9th Cir. 2022) ............................................ 23

*Equilon Enters. v Consumer Cause, Inc.*,
   29 Cal. 4th 53 (2002) ........................................................ 16

*Flannery v. Prentice*,
   26 Cal. 4th 572 (2001) ...................................................... 15

*Haworth v. State of Nev.*,
  56 F.3d 1048 (9th Cir. 1995)..............................................11

*Holman v. Altana Pharma US, Inc.*,
  186 Cal. App. 4th 262, 282 (Ct. App. 2010)........................17

*In re First T.D. & Inv., Inc.*,
  253 F.3d 520 (9th Cir. 2001)..............................................17

*Johnson v. Teamsters Local
  559*, 102 F.3d 21 (1st Cir. 1996) ........................................24

*Mangano v. Verity, Inc.*,
  167 Cal. App. 4th 944 (Ct. App. 2008) ..............................16

*Marek v. Chesney*,
  473 U.S. 1 (1985) ...................................................... passim

*Marron v Superior Court*,
  108 Cal. App. 4th 1049 (Ct. App. 2003) ............................15

*Montgomery v. Carter County, Tenn.*,
  226 F.3d 758 (6th Cir. 2000)..............................................24

*Muniz v United Parcel Serv., Inc.*,
  738 F.3d 214 (9th Cir 2013) ..............................................15

*Olmstead v. Arthur J. Gallagher & Co.*,
  32 Cal. 4th 804 (2004) ......................................................15

*People v. Tran*,
  61 Cal. 4th 1160 (2015) ....................................................18

*Savage v. Cache Valley Dairy Ass'n*,
  737 F.2d 887 (10th Cir. 1984).............................................24

*Scott Co. v. Blount, Inc.*,
  20 Cal. 4th 1103 (1999) ....................................................16

*United Riggers & Erectors, Inc. v. Coast Iron & Steel Co.*,
  4 Cal. 5th 1082 (2018) ......................................................17

*United States v. Trident Seafoods Corp.*,
 92 F.3d 855 (9th Cir. 1996) .................................................12


## Statutes

29 U.S.C. § 216(b) .................................................................11

42 U.S.C. § 1988 ..............................................................9, 21

Cal. Civ. Proc. §  52 .............................................................25

Cal. Civ. Proc. §  52.1(i) .......................................................18

Cal. Civ. Proc. § 1021 ......................................................14, 15

Cal. Civ. Proc. § 1032 ...........................................................17

Cal. Civ. Proc. § 1033. ...........................................................20

Cal. Civ. Proc. § 1033.5 ....................................................17, 18

Cal. Civ. Proc. § 1033.5(a)(10)(B).......................... 12, 16, 17, 18

Cal. Civ. Proc. § 1033.5(c)(5)(A) ......................................18, 19

Cal. Civ. Proc. § 998 .............................................................16

Fed. R. App. P. § 7 ...............................................................13

Fed. R. Civ. P. § 68 ....................................................... passim

Idaho Code § 12–120(3) .........................................................10

5

## 1.0. Introduction

In their Opening Brief defendants and appellants the City of La Verne and Officer Addiel Julian (the "City Defendants") demonstrated that attorney's fees awarded under the California Bane Act should be classified as "costs" for the purposes of Federal Rule of Civil Procedure 68's cost-shifting provision. Plaintiff and appellee Justin Smith argues that attorney's fees do not qualify as costs because the Bane Act does not explicitly define them as such.

Smith's argument is flawed as it disregards California's broader statutory framework, which explicitly classifies attorney's fees authorized by statute as costs. None of the cases Smith cites address this statutory scheme, nor does he provide any authority supporting his claim that Bane Act fees are *not* costs under California law. Instead, he asks the Court to overlook established California law confirming that statutory fees are considered costs.

Furthermore, ignoring California law deeming statutory fees to be costs, and  excluding fees awarded under

the Bane Act from being considered costs under Rule 68 undermines Rule 68's fundamental purpose—encouraging settlement by shifting post-offer costs to plaintiffs who reject more favorable settlement offers.

Smith's appellate attack on the portion of the judgment denying him treble damages—despite failing to file a cross-appeal—should be rejected. Not only is his request procedurally improper, but the district court did not have the authority to award treble damages post-verdict—this was a matter for the jury, and Smith never requested a jury instruction on this issue.

For these reasons, the Court should reverse the district court's award of attorney's fees incurred by Smith after the City Defendants' Rule 68 offer and affirm its denial of treble damages.

### 2.0. Discussion

### 2.1. Classification of Attorney's Fees as "Costs" Is Not Explicitly Stated Within the Text of the Bane Act Itself But Is Instead Derived from Broader California Statutory Framework

The City Defendants explained in their Opening Brief—and Smith appears to agree—that Rule 68's reference to post-offer costs includes "*all costs* properly awarded under the relevant substantive statute *or other authority*." *See Marek v. Chesney*, 473 U.S. 1 (1985), 9 (1985) (emphasis added); *see also* AOB at 11–12 & Answering Brief at 10. However, the cases Smith cites in his Answering Brief address only situations where attorney's fees are considered costs under a substantive statute. He fails to consider any "other authority" that could define attorney's fees as costs.

Smith primarily relies on *Marek*, 473 U.S. at 4 to argue that attorney's fees are subject to Rule 68's cost-shifting provisions only if the substantive statute that provides for

them defines them as costs.  Answering Brief at 11.  *Marek* involved 42 U.S.C. § 1988, which expressly defines "costs" to include attorney's fees.  *See* 42 U.S.C. § 1988(b) ("[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.").

Smith argues that if the substantive statute does not classify attorney's fees as costs, no other basis exists for doing so.  In his view, this is the only scenario in which attorney's fees can be treated as costs and, therefore, be subject to Rule 68's cost-shifting provisions.  This argument is incorrect.  Even the cases Smith cites do not support it.

The cases Smith relies on merely establish that statutes expressly defining attorney's fees as costs (e.g., 42 U.S.C. § 1988) are subject to Rule 68, while statutes explicitly stating that fees are not costs (such as the Fair Labor Standards Act ["FLSA"] and the Equal Access to Justice Act ["EAJA"]) are not.  None of these cases, however, support Smith's claim that Rule 68 does not apply when a

statute is silent on whether fees are costs—particularly when a state's statutory framework classifies fees as costs.

For example, Smith cites *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016 (9th Cir. 2003), which, like *Marek*, concerned an Idaho statute that expressly defined attorney's fees as costs. Answering Brief at 11–12. In *Champion Produce, Inc.*, Idaho Code § 12–120(3) provided: "[T]he prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs." *Champion Produce, Inc.*, at 1027.

Smith argues that *Marek* and *Champion Produce, Inc.* "suggest" that Rule 68's cost-shifting provisions do not apply unless "the relevant substantive statute explicitly defines attorneys' fees as 'costs.'" Answering Brief 12. But *Champion Produce* does not so hold. And *Marek* neither holds nor suggests that the substantive statute must define fees as costs for Rule 68 to apply. Instead, *Marek* holds that "the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute

10

*or other authority*." *Marek*, 473 U.S. at 9 (emphasis added).
Any "suggestion" that the substantive statute must define
fees as costs would contradict the *holding* in *Marek*
otherwise.

Smith further contends that *Champion Produce, Inc.*
distinguished *Haworth v. State of Nev.*, 56 F.3d 1048 (9th
Cir. 1995) by noting that the FLSA, at issue in *Haworth*,
defines attorney's fees separately from costs. The FLSA
states that "the court … shall, in addition to any judgment
awarded to the plaintiff …, allow a reasonable attorney's fee
to be paid by the defendant, *and* costs of the action." 29
U.S.C. § 216(b)(emphasis added). As a result, he claims Rule
68's cost-shifting provisions did not apply to attorney's fees
under the FLSA. Answering Brief at 12–13.

*Haworth* stands for the proposition that fees awarded
under a substantive statute that provides fees are different
from costs are not "costs" for Rule 68 purposes. It does not
stand for the proposition that fees awarded under a
substantive statute that does not differentiate fees from

11

costs cannot be costs—particularly when a separate statute (Cal. Civ. Proc. § 1033.5(a)(10)(B)) establishes that the fees *are* costs.

Smith also cites *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 860 (9th Cir. 1996), which involved the Clean Air Act and EAJA. Answering Brief at 13. In *Trident Seafoods Corp.*, the prevailing defendant made a Rule 68 offer of judgment before trial, which ultimately exceeded the judgment. *Id.*, at 859. As a result, it sought attorney's fees under both statutes, but the district court denied the request. *Id.* The Ninth Circuit affirmed, holding that under the EAJA, the definition of "costs" does not include attorney's fees, which are defined separately. *Id.*; *id.*, at 860. Because of this, attorney's fees could not be awarded as costs under the EAJA. *Id.*, at 860. As for the Clean Air Act, litigation costs—including attorney's fees—could only be awarded if the lawsuit was deemed unreasonable. *Id.* at 860. The Ninth Circuit agreed with the district court that

the action was reasonable, precluding recovery of costs, including attorney's fees. *Id.* at 861.

Like *Haworth*, *Trident Seafood Corp.* holds that a statute that treats fees differently from costs indicates that the fees are not costs under Rule 68. But nothing in the case establishes that the substantive fee statute must provide that fees are costs.

Smith then vaguely references Federal Rule of Appellate Procedure 7, asserting that *Marek*'s approach to defining "costs" within substantive statutes applies to determining the meaning of "costs on appeal" under that rule. *See* Answering Brief at 14. However, he does not elaborate on this argument, leaving the City Defendants unable to adequately address it.

The cases Smith cites demonstrate that his argument is confined to statutes, and cases discussing those statutes, where attorney's fees are explicitly defined as costs under the substantive statute (*Marek* and *Champion Produce, Inc.*) or where attorney's fees are expressly distinguished from

13

costs (*Haworth* and *Trident Seafoods Corp.*). None of his cases addresses a statutory scheme like California's, which defines fee awards authorized by statute as costs. None of his cases holds that the substantive fee statute must define fees as costs for Rule 68 to cut off post-offer fee recovery. None of the cases support his argument.

## 2.2. Under California Statutory Scheme Attorney's Fees Authorized by a Statute Are Considered Costs

Smith's argument fails to address California's statutory scheme, which establishes that fees awarded under fee-shifting statutes are costs. Indeed, Smith never denies that fees awarded under the Bane Act *are* costs under California law. Nor can he.

The American Rule generally requires each party to bear its own attorney's fees. Cal. Code Civ. Proc., § 1021. If the attorney's fees award is sought in federal court but is based on a state attorney's fee statute, California attorney's fees law will apply. *Alyeska Pipeline Serv. Co. v. Wilderness*

*Soc'y*, 421 U.S. 240, 259 n.31 (1975); *Muniz v United Parcel Serv., Inc.*, 738 F.3d 214, 218 (9th Cir 2013).

California law establishes exceptions to the American Rule that categorize attorney's fee awards into three types: (1) Fees awarded as damages suffered in the action, *e.g.*, *Brandt v. Superior Court*, 37 Cal. 3d 813, 817 (1985); (2) Fees awarded as sanctions to punish a party or attorney for sanctionable conduct, *e.g.*, *Olmstead v. Arthur J. Gallagher & Co.*, 32 Cal. 4th 804, 809 (2004); and (3) Fees awarded to compensate a successful party, which is the broadest category, *see*, *e.g.*, *Flannery v. Prentice*, 26 Cal. 4th 572, 584 (2001). This last category is based on cost-shifting statutes that authorize courts to award attorney's fees. *See* Cal. Code Civ. Proc., § 1021.

In California, statutory attorney fees are not damages. *Marron v Superior Court*, 108 Cal. App. 4th 1049, 1064 (Ct. App. 2003); *Flannery,* 26 Cal. 4th at 586 (2001) (explaining that statutory attorney fees not intended to compensate prevailing party for damages suffered). Rather, they are an

15

ancillary matter that arises from the litigation itself, *in the nature of costs*, provided to compensate attorneys for taking particular types of cases. *Id*., at 1065 (citing Cal. Code Civ. Proc., § 1033.5, subd. (a)(10)(B) (When authorized by statute, awards of attorney's fees are expressly defined as costs, not damages)). An attorney's fee award merely shifts costs from the prevailing party to the losing party. As the California Supreme Court has noted, "Fee shifting simply requires the party that creates the costs to bear them." *Equilon Enters. v Consumer Cause, Inc.*, 29 Cal. 4th 53, 62 (2002). The state Supreme Court and lower courts treat attorney's fees as "costs" pursuant to Section 1033.5(a)(10) when considering whether to apply the cost-shifting provision of Cal. Code Civ. P. § 998, which is the California equivalent to Rule 68. *See Scott Co. v. Blount, Inc.*, 20 Cal. 4th 1103, 1113 (1999); *see also Mangano v. Verity, Inc.*, 167 Cal. App. 4th 944, 948 (Ct. App. 2008) ("[T]he costs awarded to a prevailing party under section 998 may include attorney's fee 'when authorized by' statute") (*citing* Cal. Code Civ. Proc., §§ 1033.5(a)(10)(B),

16

998, 1032); *Holman v. Altana Pharma US, Inc.*, 186 Cal. App. 4th 262, 282 (Ct. App. 2010) (same).

Smith argues that California Code of Civil Procedure section 1032 and 1033.5 are irrelevant in classifying attorney's fees as costs because they do not create a right to attorney fees. Incorrect.

When interpreting California statutes, this Court applies California's rules of statutory construction. *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 527 (9th Cir. 2001). Under those rules, California statutes cannot be interpreted in isolation. They must be harmonized with other statutes relating to the same subject matter, giving effect to all parts of all statutes if possible. *United Riggers & Erectors, Inc. v. Coast Iron & Steel Co.*, 4 Cal. 5th 1082, 1090 (2018). This is part of the established rule of statutory construction that statutes *in pari materia*—those that relate to the same thing, to the same class of things, or have the same purpose or object—should be construed in light of each other, and similar phrases in each given like meanings. *People v. Tran*,

61 Cal. 4th 1160, 1168 (2015). Thus, when two statutes touch upon a common subject, they must be construed in reference to each other, so as to harmonize the two in such a way that no part of either becomes surplusage. *DeVita v. County of Napa,* 9 Cal. 4th 763, 778–79 (1995). Those statutes, along with California case law, define statutory attorney's fees as costs.

California Civil Code Section 52.1(i) and California Code of Civil Procedure Section 1033.5 are *in pari materia.* Both deal with statutory fee awards. Section 1033.5 states that attorney's fees are considered costs if authorized by statute. *See* Cal. Code Civ. Proc., § 1033.5(a)(10)(B). It further provides that "[i]f a statute of this state refers to the award of 'costs and attorney's fees,' attorney's fees are an item and component of the costs to be awarded and are allowable as costs pursuant to subparagraph (B) of paragraph (10) of subdivision (a)." *See* Cal. Code Civ. Proc., § 1033.5(c)(5)(A) . This establishes that attorney's fees award under statute are costs. And fees awarded under Cal.

Civ. Code Section 52.1(i) are fees awarded under statute. Therefore, fees awarded under Section 52.1(i) are costs.

Smith argues that section 1033.5(c)(5)(A) applies only when a statute explicitly refers to the award of "costs and attorney's fees" together. *See* Answering Brief at 18. However, this interpretation is unsupported by any authority and incorrect. As explained in the Opening Brief, if Cal. Code Civ. Proc., § 1033.5(c)(5)(A) treats attorney's fees as costs when mentioned alongside costs (e.g., FEHA), then attorney's fees referenced in a statute without explicitly mentioning costs (e.g., the Bane Act) are costs as well.

Notably, Smith does not explain what a Bane Act fee award would be *other than* an award of costs.. As explained above, under California law, fee awards are either damages, sanctions, or costs. Smith does not argue that Bane Act fees are damages or sanctions. He neither admits nor denies they are costs. He fails to show that fee awards under the Bane Act are anything but what Section 1033.5 says they are: costs.

In sum, Rule 68's reference to post-offer costs includes "*costs* properly awarded under the relevant substantive statute *or other authority*." *Marek*, 473 U.S. at 9 (1985) (emphases added). Contrary to Smith's claim, the City Defendants are not "abandoning the rule of *Marek*." *See* Answering Brief at 18–19. Rather, they demonstrate that the phrase "costs … under … other authority" in *Marek* includes California Code of Civil Procedure section 1033.5, which reflects the broader statutory framework governing recoverable costs in the state.

### 2.3. Excluding Attorney's Fees from Costs Undermines Rule 68's Cost-Shifting Purpose

Under Rule 68, the core mechanism for encouraging settlement is its cost-shifting provision, which discourages plaintiffs from rejecting reasonable settlement offers by imposing post-offer costs on them if they ultimately recover less than the offer. *Marek*, 473 U.S. at 5, 10. The rule ensures that plaintiffs "think very hard" before continuing

litigation by making them bear the financial risk of rejecting an offer that exceeds their eventual judgment. *Id.*

Smith fails to address Rule 68's purpose of encouraging settlement and avoiding litigation. *See generally* Answering Brief.

If attorney's fees under the Bane Act are not classified as costs, the policy behind Rule 68 would be undermined. A plaintiff suing under the Bane Act as well as federal civil rights laws could reject a Rule 68 offer that exceeds the final judgment, confident he or she will recover attorney fees if successful, regardless of whether the plaintiff beats the offer. While an award of fees under 42 U.S.C. § 1988 would be limited by Rule 68, a Bane Act fee award would escape that limitation. Such an outcome would contradict Rule 68's purpose of promoting settlement and avoiding unnecessary litigation.

The United States Supreme Court has emphasized that Rule 68's application must be neutral, ensuring that both plaintiffs and defendants have strong incentives to settle.

*Marek*, 473 U.S. at 10. Allowing plaintiffs to reject reasonable offers without consequence would disrupt this balance, encouraging prolonged litigation and imposing unnecessary burdens on courts and defendants.

Therefore, attorney's fees under the Bane Act must be classified as costs to preserve the deterrent effect of Rule 68 and uphold its policy of encouraging settlements. And as discussed above, this policy aligns with California's statutory scheme, which treats attorney's fees as costs.

### 2.4. Smith's Argument Regarding the District Court's Decision Not to Award Treble Damages Should Be Rejected

Smith does not limit his answering brief to defending the decision below. He also attacks the decision denying him treble damages. He does not explain how he can raise this argument without filing his own appeal. As explained below, he cannot raise it.

### 2.4.1. Smith Failed to Cross-Appeal

A cross-appeal is required when an appellee seeks a substantive modification in the district court judgment. *See Ellis v. Salt River Project Agricultural Improvement & Power Dist.*, 24 F.4th 1262, 1268 (9th Cir. 2022). If the appellee wants to enlarge his rights under the judgment or lessen the rights of his adversary he must file a cross-appeal. *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999); *Doherty v. Wireless Broadcasting Systems of Sacramento, Inc.*, 151 F.3d 1129, 1131 (9th Cir. 1998) (party may not seek increase in attorney fee award absent cross-appeal).

While the United States Supreme Court has expressly declined to decide whether a cross-appeal is a jurisdictional prerequisite to appellate review, it has strongly suggested that a cross-appeal is *required* in order for a court of appeals to modify a judgment in appellee's favor: "Indeed, in more than two centuries of repeatedly endorsing the cross-appeal requirement, not a single one of our holdings has ever recognized an exception to the rule." *El Paso Natural Gas*

*Co.,* 526 U.S. at 479–80.  The lower courts, however, are divided on the issue.

The Ninth Circuit has stated that a "cross-appeal is only the proper procedure, not a jurisdictional prerequisite once an initial appeal has been filed ….," suggesting that the Court has discretion to consider an issue even in the absence of a cross-appeal.  *Compare Mendocino Environmental Ctr. v. Mendocino County*, 192 F.3d 1283, 1298 (9th Cir. 1999) (cleaned up); *with Johnson v. Teamsters Local 559*, 102 F.3d 21, 29 (1st Cir. 1996) (holding cross-appeal is a jurisdictional prerequisite to appellate review); *Savage v. Cache Valley Dairy Ass'n*, 737 F.2d 887, 889 (10th Cir. 1984) (same); *Montgomery v. Carter County, Tenn.*, 226 F.3d 758, 770 (6th Cir. 2000) (collecting cases).

Smith argues that he is entitled to treble damages, a relief he did not obtain below, without having properly appealed the issue.  *See* Answering Brief at 19–22.  Because the City Defendants did not appeal the district court's denial of treble damages, this issue is not properly before the Court.

24

*See* AOB at 5–6.  Smith neither filed a cross-appeal challenging the district court's decision nor argued in his brief that this Court should exercise its discretion to consider the issue.  *See* Answering Brief at 19–22.

Therefore, Smith's argument regarding the district court's decision not to award treble damages should be rejected.

### 2.4.2. The District Court Did Not Have Authority to Decide Whether to Award Treble Damages—The Jury Did

California Civil Code Section 52 provides for recovery of "actual damages," as well as "any amount that *may be determined by a jury, or a court sitting without a jury*, up to a maximum of three times the amount of actual damage[.]" Cal. Civ. Code § 52(a) (emphasis added).

Smith argues that he is entitled to treble damages under the Bane Act because he "established a Bane Act violation" at trial.  Answering Brief at 21.  He appears to

25

attribute the alleged error in not awarding treble damages to the district court. Answering Brief at 19 ("The District Court Erred" in Not Awarding Treble Damages).

But Smith's case was tried by a jury, not the district court. Under Civil Code Section 52, any potential treble damages should have been awarded by the jury, not the court. Smith cites no authority supporting the proposition that a *district court* may award treble damages on a Bane Act claim following a *jury trial*. See generally Answering Brief.

Crucially, Smith never requested a jury instruction on treble damages before or during trial. See ER-15, n.5.

Assuming the district court had authority to enter a post-verdict award of treble damages, neither Smith's motion for attorney's fees nor the Answering Brief offer any argument demonstrating a basis for such award on the facts of this case. *See* ER-90–91; *see also* Answering Brief at 19–22. The treble damages under Section 52 are discretionary not automatic, *C.O. v. County of Kern*, 2022 WL 286544 * 6

(E.D. Cal. 2022), and Smith has failed to show that they are warranted in this case.

Accordingly, Smith's request for treble damages should be denied.

### 3.0.  Conclusion

Smith's argument against applying Rule 68's cost-shifting provisions is based on misreading of *Marek v. Chesney* and ignores the broader California law statutory framework that treats attorney's fees as costs.  California laws explicitly classifies attorney's fees as costs when authorized by statute, making them subject to Rule 68's cost-shifting mechanism.  To hold otherwise would frustrate the Rule's core purpose—discouraging unnecessary litigation and incentivizing reasonable settlement offers.

Moreover, Smith's request for treble damages must be rejected.  He failed to file a cross-appeal, and the Court should decline to exercise its discretion to consider the issue.  Even if the Court were to review the argument and the district court had the authority to award treble damages,

Smith fails to demonstrate why they are warranted in this case.

For these reasons, the City Defendants respectfully request that this Court reverse the district court's ruling awarding attorney's fees post-Rule 68 offer and affirm its denial of treble damages.

Date: March 6, 2025  POLLAK, VIDA & BARER
        DANIEL P. BARER
        KAREN M. STEPANYAN


By: _____

 KAREN M. STEPANYAN
 Attorneys for Defendants-
 Appellants **CITY OF LA
 VERNE** and **ADDIEL JULIAN**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 24-5805

I am the attorney or self-represented party.

**This brief contains** | 3,604 | **words,** including | | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  ☐ it is a joint brief submitted by separately represented parties.
  ☐ a party or parties are filing a single brief in response to multiple briefs.
  ☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated | | .

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | /s/ Karen M. Stepanyan | **Date** | 3/5/25

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**      *Rev. 12/01/22*